**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| ENOCH OPPONG, | ) |  |
|               Petitioner, | ) |  |
|  | ) |  |
|  | ) |  |
|      v. | ) | **CIVIL ACTION** |
|  | ) | **NO. 15-10282-TSH** |
| LEWIS G. EVANGELIDIS, SHERIFF | ) |  |
|               Respondent. | ) |  |
|  | ) |  |

### REPORT AND RECOMMENDATION

**January 25, 2016**

Hennessy, M.J.

By Order of Reference dated October 6, 2015, pursuant to 28 U.S.C. § 636(b)(1)(B) (Docket #41), this matter was referred to me for a report and recommendation on the Respondent Sheriff Lewis G. Evangelidis' ("Respondent") Motions to Dismiss (Dockets #11 and 14); the Petitioner Enoch Oppong's ("Petitioner") Motion to Pursue the Writ of *Habeas Corpus* (Docket #19); and the Petitioner's Motion to Appoint Counsel (Docket #20).  For the reasons that follow, I RECOMMEND that the Respondent's Initial Motion to Dismiss (Docket #11) be DENIED WITHOUT PREJUDICE; the Respondent's Subsequent Motion to Dismiss (Docket #14) be ALLOWED; the Petitioner's Motion to Pursue the Writ of Habeas Corpus (Docket #19) be DENIED WITHOUT PREJUDICE; and the Petitioner's Motion to Appoint Counsel (Docket #20) be DENIED WITHOUT PREJUDICE.

I.      BACKGROUND

A.      State Proceedings

On August 22, 2010, the Petitioner was arrested at his apartment in Worcester, Massachusetts on an accusation of rape.  (Docket #12 at 12-13).  When interviewed by the police, the Petitioner, a Ghanian citizen, stated that he had entered the country under a false name and was living in the country illegally.  (Id. at 13; Docket #14-2 at 6).  On December 7, 2010, before the investigation and indictment process on the rape accusation could be completed, the Petitioner was deported from the United States to Ghana pursuant to removal proceedings.  (Docket #12 at 5 n.1; Docket #14-2 at 7-8).

On July 25, 2012, an indictment was returned by a grand jury charging the Petitioner with two counts of rape in violation of Mass. Gen. Laws ch. 265, § 22(b), and one count of indecent assault and battery on a person fourteen years old or over in violation of Mass. Gen. Laws ch. 265, § 13H.  (Docket #14-1).  The dates of these alleged offenses are April 20, 2008 and August 22, 2010 and concern two different victims.  (Docket #14-2 at 2).

On January 8, 2014, while in Germany, the Petitioner was arrested by German authorities.[1] (Docket #14-2 at 5).  The Petitioner, who was informed of the indictment against him, was held in custody in Germany until February 27, 2014, when he was extradited from Germany to the United States.[2] (Id.).  Germany and the United States are parties to an Extradition Treaty, under which rape is an extraditable offense.  (Docket #11-1).

---

[1] The Petitioner has a Berlin address and his daughter and her mother are both German citizens.  (Docket #12 at 7, 34).  The Petitioner also indicates that his mother lives in Germany.  (Docket #1 at 8).

[2] The Petitioner never appeared in a German court.  (Docket #14-2 at 5).  While he had a scheduled court appearance in Germany in March of 2014, the Petitioner was extradited to the United States prior to that date.  (Id. at 5-6).

On February 28, 2014, the Petitioner was arraigned in Worcester District Court, and entered pleas of not guilty to all three counts.  (Docket #31-1 at 3-4).  On August 4, 2014, the Worcester Superior Court granted the Petitioner's motion to sever count one from counts two and three of the indictment.[3]  (Id. at 4).  On February 26, 2015, the Petitioner moved to dismiss the indictment.  (Id.).  The Superior Court denied the motion on May 20, 2015.  (Id. at 5).  On August 26, 2015, a jury returned a verdict of not guilty on count one of the indictment.  (Id. at 6).  A jury trial on the remaining counts was scheduled for January 4, 2016, but on November 5, 2015, it was rescheduled for March 21, 2016, pursuant to the Commonwealth's motion to continue.  (Docket #31-1 at 1, 7).

B.      Federal Proceedings

On February 6, 2015, the Petitioner, a pretrial detainee at the Worcester County House of Corrections, filed a *pro se* petition for a writ of *habeas corpus*.  (Docket #1).  The Petitioner alleges that (1) his extradition from Germany was illegal because he was not informed of the charges against him, was denied a judicial hearing, and was not given the opportunity to waive extradition; (2) his presence in the United States is illegal because he was deported to Germany in 2010; (3) there is no evidence to support the charges against him; and (4) he was arrested under false pretenses.  (Id.).  The Respondent moved to dismiss the petition on April 29, 2015.  (Docket #11).  On May 1, 2015, the Respondent filed a second motion to dismiss.[4]  (Docket #14).  The initial motion to dismiss seeks dismissal based on the merits of the Petitioner's claims whereas the subsequent motion seeks dismissal based on the principles of exhaustion and abstention.

---

[3] Count one of the indictment relates to the alleged offense on August 22, 2010, while counts two and three relate to the alleged offense on April 20, 2008.  (Docket #12 at 5-6).

[4] The first motion to dismiss (Docket #11) was submitted by Attorney Andrew J. Abdella of the Worcester County Sheriff's Office.  The subsequent motion to dismiss (Docket #14) was submitted by Eva Badway of the Massachusetts Attorney General's Office the same day that she entered a notice of appearance in the case.

(See Dockets #11, 14).  The Petitioner filed an opposition to both motions to dismiss on May 7, 2015.[5]  (Docket #18).

The Petitioner filed a second *pro se* petition for a writ of *habeas corpus* on May 15, 2015, alleging due process violations and arguing that there is a lack of evidence with respect to the charges against him and challenging the failure to provide him with the travel details of his extradition.  (Docket #19).  The Petitioner also asserts evidentiary claims, excessive bail, and ineffective assistance of counsel.  (Id.).  On May 18, 2015, the Petitioner filed a motion to appoint counsel.  (Docket #20).

On October 6, 2015, Judge Hillman referred both of the Respondent's motions to dismiss (Dockets #11 and 14) and the Petitioner's motions to pursue the writ of habeas corpus (Docket #19) and to appoint counsel (Docket #20) to me for a report and recommendation.  (Docket #26).  Following the referral, on November 23, 2015, the Petitioner filed a third *pro se* petition for a writ of *habeas corpus*.  (Docket #32).  This petition raises substantially the same claims as the previous two, but additionally alleges that the Petitioner's due process rights are being violated due to his national origin and race.  (Id.).

II.    ANALYSIS

Persons "in custody in violation of the Constitution or laws or treaties of the United States" may challenge their detention by seeking a writ of *habeas corpus*.  28 U.S.C. § 2241(c)(3).  The instant petition is properly brought pursuant to Section 2241 of Title 28; the Petitioner is a pre-

---

[5] The undersigned notes that the Petitioner's motion to dismiss the state indictments was still pending in the Worcester Superior Court when the Respondent's motions to dismiss in the instant case and the Petitioner's opposition thereto were filed.  The Petitioner has since submitted a copy of the Superior Court's memorandum of decision and order denying the Petitioner's motion to dismiss the indictment.  (Docket #25-1).

trial detainee challenging his extradition accomplished pursuant to an Extradition Treaty between the United States and Germany.[6] Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

A.      Exhaustion

Respondents argue that the Petitioner has yet to exhaust all of his available state remedies, and, therefore, his *habeas* motion is premature.  (Docket #15 at 4-5).  While Section 2241 does not contain a statutory exhaustion requirement, the exhaustion requirement of Section 2254 "has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. § 2241."  Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). Pursuant to Section 2254(b), an application for a writ of *habeas corpus* shall not be granted unless it appears that "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement "afford[s] the state courts, which have an equal responsibility with the federal courts to vindicate federal constitutional rights, the first opportunity to remedy a constitutional violation."  Currie v. Matesanz, 281 F.3d 261, 267 (1st Cir. 2002) (quoting Dickerson v. Walsh, 750 F.2d 150, 154 (1st Cir. 1984)).  Thus, the Petitioner must first exhaust his state remedies before this Court could find that habeas relief would be warranted. See Alleyne v. Saba, No. 13-12034-JLT, 2013 U.S. Dist. LEXIS 137571, at *6 (D. Mass. Sept. 24, 2013) ("[The petitioner's] argument that he should be able to seek immediate § 2241 relief without exhausting state remedies as required under § 2254 is misplaced because [the petitioner] would have to exhaust his state remedies before bringing a § 2241 petition or before this Court could find that habeas relief would be warranted.").

---

[6] A petition for a writ of *habeas corpus* may be brought pursuant to Section 2254 of Title 28 by "a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  A pre-trial detainee such as the Petitioner would not be "in custody pursuant to the judgment of a State court" and could file an application for a writ of *habeas corpus* governed by Section 2241 only.  Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

In order to exhaust a claim, a habeas petitioner must present the substance of the claim to the state's highest tribunal, which, in Massachusetts, is the Supreme Judicial Court. <u>Josselyn v. Dennehy</u>, 475 F.3d 1, 3 (1st Cir. 2007).  While the Petitioner did raise several of the due process claims raised in his instant *habeas* petitions in his motion to dismiss the indictment before the Superior Court, he has not appealed the Superior Court's denial of that motion.  Hence, the Petitioner has not properly exhausted any of his claims and *habeas* relief is not available at this juncture.

B.      Abstention

In addition to recommending dismissal of the petition on the grounds that the Petitioner's claims have not been exhausted, I further recommend that the Court abstain from exercising jurisdiction over any claim concerning the propriety of the pending prosecution against the Petitioner in state court.

"The federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'"  <u>In re Justices of Super. Ct. Dept. of Mass. Trial Ct.</u>, 218 F.3d 11, 16 (1st Cir. 2000) (quoting <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971)).  Under <u>Younger v. Harris</u>, a federal court "must abstain 'if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims.'"  <u>Colonial Life & Accident Ins. Co. v. Medley</u>, 572 F.3d 22, 26 (1st Cir. 2009) (quoting <u>Local Union No. 12004, USW v. Massachusetts</u>, 377 F.3d 64, 77 (1st Cir. 2004)).  Federal courts only have the power to enjoin state officers from instituting criminal actions "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."  <u>Younger</u>, 401 U.S. at 45 (quoting <u>Fenner v. Boykin</u>, 271 U.S. 240, 243 (1926)).  Here, the Petitioner has not raised any threat to his

federally protect rights that could not be eliminated by his defense against a single criminal prosecution and, thus, abstention is appropriate.  See Younger, 401 U.S. at 49 (holding that party is not entitled to equitable relief where the injury the petitioner faces is solely "that incidental to every criminal proceeding brought lawfully and in good faith.").

Having found that the Petitioner has failed to exhaust his claims and that his petition is premature, I recommend that the Court allow the Respondent's second motion to dismiss but do so without prejudice and deny the Petitioner's motion to pursue the writ of habeas corpus.  I do not address the Respondent's remaining arguments for dismissal and recommend that the Respondent's first motion to dismiss based on the merits be denied without prejudice.

C.      Motion to Appoint Counsel

Counsel may be appointed to any financially eligible person seeking relief pursuant to Section 2241 when the court determines that "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  "The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts."  Jefferson v. Grondolsky, No. 12-10030-MBB, 2012 U.S. Dist. LEXIS 160892, at *2 (D. Mass. Nov. 9, 2012) (dismissing motion for appointment of counsel without prejudice) (citing United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993)).

As the undersigned has recommended that the Respondent's second motion to dismiss be granted due to the premature nature of the petition and the Petitioner's failure to exhaust his state remedies, I recommend that the motion for counsel be denied without prejudice.

IV.    CONCLUSION

For the foregoing reasons, I RECOMMEND that Respondent's Initial Motion to Dismiss (Docket #11) be DENIED WITHOUT PREJUDICE; Respondents Subsequent Motion to Dismiss (Docket #14) be ALLOWED; Petitioner's Motion to Pursue the Writ of Habeas Corpus (Docket #19) be DENIED WITHOUT PREJUDICE; and Petitioner's Motion to Appoint Counsel (Docket #20) be DENIED WITHOUT PREJUDICE.[7]

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[7] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).